# THE UNITED STATES
*vs.*
# JOHN H. SURRATT.

The Government has no right in a criminal case to an appeal or writ of error when judgment has been rendered in favor of the prisoner.

Criminal Docket. No. 5920. Decided November 6, 1868.

MOTION to dismiss an appeal brought by the United States from a judgment of the Criminal Court quashing an indictment and discharging the prisoner.

THE FACTS are fully stated in the opinion.

MESSRS. E. C. CARRINGTON, N. WILSON and EDW. PIERREPONT, for the United States.

MESSRS. JOS. H. BRADLEY and R. T. MERRICK, for the defendant.

, MR. JUSTICE OLIN delivered the opinion of the Court:

In the case of the United States *vs.* John H. Surratt, which comes here on an appeal by the United States from the judgment of the Criminal Court, a motion has been made by the defendant to dismiss the appeal.

The accused was indicted under the second section of the act of July, 1862, for engaging in the rebellion, by conspiring to abduct or murder the President of the United States on or about the 6th day of .March, 1865. The indictment was found on the 18th of June, 1868. The accused was arraigned, and in the first instance pleaded "not guilty," but was subsequently allowed to withdraw that plea when he interposed the special plea of a pardon growing out of the

President's proclamation of amnesty, as he claimed. To that plea a demurrer was entered on the part of the United States. Upon the argument upon that demurrer the Court in its ruling thereupon, it seems, went back to the indictment, when discovering what it regarded as a defect therein, gave judgment for the prisoner.

The defect relied on in the indictment, if it be a defect, arose under the statute of limitations, which required an indictment of this description to be found within two years after the commission of the offense. It appears on the face of the indictment that it was found after that period. That question arose, and the judge decided the indictment was invalid because of this alleged defect, and accordingly discharged the prisoner. An appeal was taken from that ruling to this Court, and a motion has been made and argued to dismiss that appeal. The only question, therefore, before us for decision is whether the district attorney can bring a writ of error or appeal to this Court when the ruling of the Court below has been in favor of the prisoner, and the prisoner has been discharged in consequence of such ruling.

After a somewhat protracted argument upon this subject, and a careful examination by the Court of the authorities cited, we have concluded to follow the authority of The People against Richard S. Corning, in 2d Comstock, p. 1, where it was held after a thorough review of all the cases that a writ of error will not lie in behalf of the people after judgment for the defendant in a criminal case.

Hence it becomes unnecessary for us to consider whether the judge below erred or ruled correctly on the demurrer, and on the question arising under the indictment. We think that, in the absence of any statute, the United States cannot bring up by writ of error or appeal a cause where final judgment has been given. We have debated, in this and other similar cases, what is the practice and what are the relations between this Court in

banc and the Criminal Court. I will now take occasion, I hope with the assent of my brethen, to announce two or three simple propositions, which, I think, will enable the bar to avoid being misled in regard to this matter. We early decided that in hearing all cases which should come before us in banc by way of review from either of the several Courts which are named in the statutes, and which one judge is assigned to hold, that no writ of error was required to bring the case before us, but that it might be done by way of appeal. If the organic law did not authorize a writ of error, it did not prohibit it, but rather looked to an appeal, conferring upon us the right of establishing all rules of practice. We regarded it as simply a question of practice whether a case should come from the Circuit Court here, or from the Equity Court, by writ of error or by appeal, and the simplest and most expeditious mode we thought to be an appeal.

Now, with reference to the Criminal Court, I think we concur that no appeal lies on the part of the prisoner from the Criminal Court, except in those cases where a writ of error would have laid to the old Circuit Court from the Criminal Court. In place of a writ of error we have substituted an appeal, which brings up the records, brings up the bill of exceptions, brings up everything necessary to determine the case, and is a much more expeditious and easier mode of practice than suing out a writ of error.

There is a further rule of practice that may be averted to in this connection; that is, the practice that heretofore existed by the judge of the Criminal Court certifying to this Court in banc a question of law. That practice may still exist, as we understand it, under the rules of the Court and under the statutes. No questions, then, would come to this Court from the Criminal Court, except on bills of exceptions by the defendant, or unless the question was certified up to this Court by the judge holding the Criminal Court. In those two cases the

question would come here, but we all agree that the people have neither the right to a bill of exceptions nor by consequence to an appeal, because an appeal only takes the place of a bill of exceptions. For the reasons I have stated the appeal is dismissed.

MR. CHIEF JUSTICE CARTTER said :

There is one consideration which has not been referred to in this case which operated upon my mind as finally fixing my judgment. After concurring with my brethren in the conclusion that if the right of appeal existed at all on behalf of the people as against a defendant charged with crime it must exist by express provision of law, I refer to the action of the law-making power, and find that they have intervened on behalf of the defendant only and, therefore, by implication enjoined appeal against him. The provision of the statute is that he may have his remedy in error upon conviction, and inasmuch as the legislative power only provided for a specific case, and a certain condition of the case to entitle it to the judgment of the higher tribunal, it is conclusive to my mind that this matter has no business here.