(39 Misc. Rep. 471.)

PEOPLE ex rel. JACOBS v. McGIRR, Police Sergeant, et al.

(Supreme Court, Special Term, New York County. December, 1902.)

1. CRIMINAL LAW—WARRANT FOR ARREST—PERJURY.

A warrant for an arrest on a charge of perjury cannot issue where the charge is denied, and the proof rests on the oath of a single witness, uncorroborated by any independent circumstances.

2. SAME—EVIDENCE OF CRIME.

Before a magistrate can issue a warrant for a crime, there must be legal evidence that a crime has been committed, though it be not convincing.

Certiorari by the people, on the relation of Joseph Jacobs, against Peter R. McGirr, police sergeant, and Henry A. Brann, city magistrate. Relator discharged.

Parsons, Closson & McIlvaine (Austen G. Fox, of counsel), for relator.

Black, Olcott, Gruber & Bonynge (Abraham Gruber, of counsel), for respondents.

SCOTT, J. This is an application by certiorari to inquire into the cause of relator's detention. As appears by the return to the writ of habeas corpus issued simultaneously with the writ of certiorari, the immediate cause of his detention is a warrant issued by the above-named respondent, reciting that the relator has been charged with the crime of perjury, and directing that he be apprehended and brought before the magistrate to answer to the charge. In cases of such a detention the court is called upon to look into the proceedings before the magistrate, to see whether the warrant is supported by legal evidence. People v. Wells, 57 App. Div. 140, 68 N. Y. Supp. 59; People v. Fox, 34 Misc. Rep. 82, 69 N. Y. Supp. 545. The return to the writ of certiorari shows that on December 23, 1902, an information in the form of a written complaint was laid before the respondent, charging or purporting to charge the relator with perjury. Section 148 of the Code of Criminal Procedure provides that when an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them. The respondent states in his return that

he examined the complainant and the witnesses produced by him, but, since he does not attach to the return the deposition of any witness except the complainant, I am forced to conclude either that his statement that he examined other witnesses than the complainant was inadvertent, or that he omitted to reduce the examination of such witnesses to writing, as required by the Code. In any event, I am limited to a consideration of the evidence returned. Upon such an information and examination the magistrate is authorized to issue a warrant for the arrest of the person charged if he is satisfied that the crime complained of has been committed, and that there is reasonable ground to believe that the person charged has committed it. The function of this court in a proceeding like the present is not to pass upon the weight of the evidence before the magistrate, but to determine whether there was legal evidence before him upon which such conclusions could be founded. If there was such evidence, he had jurisdiction to issue the warrant. If there was not such evidence, he was without jurisdiction to do so. It is well settled in cases of perjury, where one oath is placed against another, that there must be two witnesses to prove the charge, or, in case only one witness is produced, there must be independent corroborating circumstances. The reason for the rule is obvious, for, where there is nothing but one oath against another, each counterbalances the other, and it remains doubtful where the truth lies. In the present case there was only one oath against another. The information showed that the relator had sworn to one state of facts, and the complainant swore that he thereby swore falsely. There was no supporting witness, and no suggestion of corroborating circumstances. There was therefore not legal evidence before the magistrate, that the relator had committed the crime charged. It would not, perhaps, be accurate to say that there was no evidence, because there was some, but it·was partial and incomplete. It lacked the essential element of corroboration. With corroboration either by another witness or by proven circumstances, it would have amounted to legal evidence, but without that corroboration it amounted to nothing. Of course, it is not intended to hold that, to authorize the issuance of a warrant, the complainant must produce evidence so clear and convincing as, if produced upon the trial, would suffice for a conviction; but there must be laid before the magistrate some legal evidence that a crime has been committed, and that the person charged has committed it. If the evidence is clearly insufficient to establish at least the probability of either fact, the magistrate was without jurisdiction to issue the warrant. Where the charge is that the person charged has committed perjury, and the magistrate has before him only the oath of the complainant, balanced against the oath of the person charged, there is no probability on one side or the other. To sustain the issuance of a warrant for the crime of perjury upon the unsupported oath of a single witness, as is sought to be done in the present case, might lead to interminable charges and countercharges, each successive charge furnishing the basis for a new charge against the person making it; and all the time there would be but the oath of one man against the oath of another. A very similar case to that here presented was decided by Mr. Justice Lawrence. The person before him had

been held by a police justice upon the charge of seduction under promise of marriage, as to which the Penal Code provides that a conviction cannot be had upon the testimony of the complainant, unsupported by other evidence. The return showed that before the police justice there had been no corroboration of the complainant. The learned and experienced justice held upon these facts that there was no legal evidence before the police justice that the crime had been committed, and discharged the prisoner. In re Bredenstein, Daily Reg. March 26, 1886. In short, the evidence before the magistrate must be the same in kind or quality, though not necessarily the same in degree, as would be required for a conviction. In the present case the evidence lacked the element of corroboration which was essential to give to it probative force. My conclusion is that the warrant was issued without legal evidence that the crime charged had been committed. The prisoner must therefore be discharged.

　　Prisoner discharged.