# UNITED STATES *v.* HAYMAN.*

CRIMINAL LAW; PROSECUTION, ABANDONMENT OF.

1. An appeal by the United States lies from an order of the lower court quashing an indictment and discharging the accused under § 939, D. C. Code. (Following *United States* v. *Cadarr, ante,* 143.)

2. Section 939, D. C. Code, operates only upon cases in which the grand jury has taken no action within nine months against those committed or held to bail; so that where, within nine months after an arrest and holding to bail, the grand jury finds an indictment, and, more than nine months thereafter, finds a second indictment charging the accused, in an amendatory manner, with the same offense, a discharge of the accused under that section is error.

No. 1353. Submitted April 7, 1904. Decided June 30, 1904.

HEARING on an appeal by the United States from an order of the Supreme Court of the District of Columbia quashing an indictment under § 939, D. C. Code.                 *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. C. A. Keigwin,* Assistant, for the United States.

*Mr. R. R. Horner* for the appellee.

Mr. Justice WRIGHT, of the Supreme Court of the District of Columbia, who sat with the Court in the absence of Mr. Chief Justice ALVEY, delivered the opinion of the Court:

Upon March 22, 1902, the appellee was arrested upon a charge of violating § 4746 of the Revised Statutes of the United

*See *United States* v. *Cadarr, ante,* 143, and *United States* v. *Hartman, ante,* 156.

States (U. S. Comp. Stat. 1901, p. 3279), on a warrant issued by a United States commissioner for the District of Columbia.

Upon March 24, 1902, he pleaded "not guilty," and after a preliminary examination was held to bail to await the action of the grand jury and in default of bond was committed.

Upon July 14, 1902, an indictment was returned by the grand jury, charging him as in the original affidavit: upon July 17, 1902, his surety qualified and he was released on bail: no further proceedings were had against him, until April 20, 1903, more than 9 months later, when there was returned against him by the grand jury, a second indictment, charging him in an amendatory manner with the same offense undertaken to be charged in the first indictment.

Upon June 15, 1903, the appellee filed in the supreme court of the District of Columbia wherein the indictments pended, a plea in abatement to the second indictment, grounding his plea upon the provisions of § 939 of the District Code, which are as follows:

"Sec. 939. Abandonment of Prosecution.—If any person charged with a criminal offense shall have been committed or held to bail to await the action of the grand jury, and within nine months thereafter, the grand jury shall not have taken action on the case, either by ignoring the charge or by returning an indictment into the proper court, the prosecution of such charge shall be deemed to have been abandoned and the accused shall be set free or his bail discharged, as the case may be: Provided, however, that the supreme court of the District of Columbia holding a special term as a criminal court, or, in vacation, any justice of said court, upon good cause shown in writing, and, when practicable, upon due notice to the accused, may from time to time enlarge the time for the taking action in such case by the grand jury."

The court finding this plea to be a good plea sustained it, and an order was entered discharging the appellee from the indictmnet without day. The case is here upon appeal from that order.

The propriety of the appeal is sustained upon the authority of the *United States* v. *Cadarr, ante,* p. 143.

Sec. 939 has operation upon no cases save those whereon the grand jury has taken no action within nine months from the date of holding to await the action of the grand jury : that is, concerns only cases which the grand jury has neither ignored within nine months nor indicted within nine months. *United States* v. *Cadarr, ante,* 143.

All cases wherein the grand jury has within 9 months taken action one way or the other, either by ignoring or by indicting, are exempted from the operation of the section, and are left within the operation of the rules of the common law, according to which the pendency of one indictment has nothing to do with the question of the propriety or validity of further indictments for the same offense.

The grand jury did take action on the case within 9 months, for it returned the first indictment within 4 months from the holding over to await its action.

The question is not whether a second indictment was returned later than 9 months after a holding over, but is whether such proceedings were had by action within 9 months, as prevented the application of § 939 to the case. The grand jury having taken action by indicting within 9 months, the provisions of § 939 never attached to, and had no operation upon the case.

The judgment must be *reversed.*