# UNITED STATES *v.* EVANS.

STATUTES; CRIMINAL LAW; APPEALS.

1. Penal statutes in derogation of the common law are, ordinarily, strictly construed; and the construction is especially strict when the meaning is asked to be extended to an extraordinary length, effecting a change in a long-established practice, theretofore considered essential to the protection of individuals from oppression.

2. Under § 935, D. C. Code (31 Stat. at L. 1341, chap. 854), giving the right of appeal to the prosecution in criminal cases, including the right

to a bill of exceptions, but providing that if, on such an appeal, error is found, a verdict for the defendant shall not be set aside, an appeal by the prosecution does not lie from a judgment discharging the accused after a verdict of not guilty, based upon exceptions taken during the trial. (Citing *United States* v. *Ainsworth,* 3 App. D. C. 483, and *United States* v. *Evans,* 28 App. D. C. 264, and distinguishing *District of Columbia* v. *Lynham,* 16 App. D. C. 85; *District of Columbia* v. *Garrison,* 25 App. D. C. 563, and *District of Columbia* v. *Gant,* 28 App. D. C. 186.)

No. 1773.   Submitted May 8, 1907.   Decided June 4, 1907.

HEARING on an appeal by the United States from a judgment of the Supreme Court of the District of Columbia discharging the accused in a homicide case, after a verdict of acquittal.

*Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Stuart McNamara* and *Mr. F. Sprigg Perry,* Assistants, for the appellants:

1. An appeal lies by the United States when the appeal is based upon the express authority of sec. 935, D. C. Code.   The writ of error, by the Government would not exist, except where especially authorized, in such cases it is wholly proper.   But Congress has made express provision for the review of the judgment by the section of the Code mentioned.

The question of former jeopardy, or of the defendant being again vexed with the trial of the same cause, is removed by virtue of the provision of sec. 935 that "if, on such appeal, it shall be found that there was error by the court during the trial, a verdict in favor of the defendant shall not be set aside." The proceeding, therefore, by the government on such an appeal has been authorized by the statute in order that the government may have the benefit of the review by the higher court of the ruling of the court below during the trial upon matters of law and evidence, which are of wide importance, and which

very intimately concern the sound and efficient administration of the criminal law. Apart from the statute in force in this District, similar statutes have been passed in other jurisdictions, providing for proceedings of this character, and the constitutionality of such have been affirmed in a large number of well-considered cases. See *State* v. *Beuchler,* 57 Ohio St. 95; *State* v. *Raedy,* 57 Ohio St. 224; *State* v. *Granville,* 45 Ohio St. 264–78; *State* v. *Lee,* 65 Conn. 265; *State* v. *Ward,* 75 Iowa, 637; *State* v. *Van Valkenburg,* 60 Ind. 303; *Com.* v. *Bruce,* 79 Ky. 560. Similar appeals by the District of Columbia, under like statutes, have been heard by this court. *District of Columbia* v. *Garrison,* 25 App. D. C., 563; *District of Columbia* v. *Lynham,* 16 App. D. C. 85; *District of Columbia* v. *Gant,* 28 App. D. C. 186.

*Mr. Thomas C. Taylor* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The appellees, Charles R. Evans and Harry J. O'Donnell, were tried under an indictment for murder in the supreme court of the District on February 1, 1907, and found not guilty. The United States have appealed, assigning error on exceptions taken during the trial to the exclusion of certain evidence in the nature of confessions of the defendants, that were offered against them.

This right to appeal is claimed under sec. 935 of the Code [31 Stat. at L. 1341, chap. 854], which reads as follows:

"In all criminal prosecutions the United States or the District of Columbia, as the case may be, shall have the same right of appeal that is given to the defendant, including the right to a bill of exceptions; *Provided,* That if, on such appeal, it shall be found that there was error in the rulings of the court during the trial, a verdict in favor of the defendant shall not be set aside."

It is the well-settled rule of the common law that the state

or the United States have no right to sue out a writ of error upon a judgment in a criminal case. *United States* v. *Sanges,* 144 U. S. 310, 36 L. ed. 445, 12 Sup. Ct. Rep. 609. In that case, a writ of error upon a judgment sustaining a demurrer to an indictment was dismissed for want of jurisdiction. A writ of error sued out upon a like judgment was also dismissed by this court, on the ground that the jurisdiction was not conferred by the 7th section of the act approved February 9, 1893, by which the court had been created, notwithstanding the generality of its language. *United States* v. *Ainsworth,* 3 App. D. C. 483.

The right was, however, subsequently conferred by the section aforesaid, and was exercised without question in a case where an indictment had been set aside on demurrer. *United States* v. *Evans,* 28 App. D. C. 264. It may be assumed, also, that such a writ of error would lie to review a judgment arresting a judgment of conviction for the insufficiency of the indictment, or one sustaining a special plea in bar, when the defendant has not been put in jeopardy.

The contention of the appellants is that it lies also upon a judgment where there has been a verdict of not guilty; not, however, to obtain a reversal of that judgment, but to obtain an opinion, upon exceptions taken at the trial, that may serve as a rule of observance in cases that may hereafter arise. The evil consequences that would result from such an exercise of jurisdiction are apparent. The appellee in such a case, having been freed from further prosecution by the verdict in his favor, has no interest in the question that may be determined in the proceedings on appeal, and may not even appear. Nor can his appearance be enforced. Without opposing argument, which is so important to the attainment of a correct conclusion, the court is called upon to lay down rules that may be of vital interest to persons who may hereafter be brought to trial. All such persons are entitled to be heard on all questions affecting their rights, and it is a harsh rule that would bind them by decisions made in what are practically "moot" cases, where opposing views have not been presented.

In the recent statute permitting writs of error to the circuit courts and the circuit courts of appeal of the United States generally, approved March 2, 1907, it is evident that Congress had such a situation as this in mind; and it expressly limited the review to the character of judgments mentioned hereinabove. Without denying the right of Congress to exercise the broad power contended for, which has been exercised and upheld in some of the States, the question for determination is whether it was intended to be conferred upon this court by the special provisions of sec. 935 [31 Stat. at L. 1341, chap. 854]. Ordinarily, penal statutes in derogation of the common law are strictly construed. And this construction is especially strict when this meaning is asked to be extended to an extraordinary length, effecting a change in a long-established practice heretofore considered essential to the protection of individuals from possible oppression. In other words, such an intention must be expressed in words of no uncertain meaning. Considering the language of sec. 935 in the light of this principle, we do not find that it was the plain intention of Congress to confer the power of appeal to the extent and for the purposes contended for. The declaratory part of it is satisfied, in our opinion, by the extension of the right of appeal to the limited extent heretofore indicated. The proviso may have been added, out of abundant caution, to prevent a possible misconception of the previous language, and, consequently, too broad a construction of its meaning.

Certain decisions of this court relied on by the appellants are not controlling. *District of Columbia* v. *Lynham,* 16 App. D. C. 85, was a writ of error to the police court, maintained under a statute permitting the grant of such writs, and was decided before the enactment of sec. 935. The question of jurisdiction was neither raised nor discussed. Doubtless the statute referred to was deemed a sufficient extension of the power, considering the nature of the case and the jurisdiction of the police court. But it is unnecessary to enter upon a discussion of that decision, as it was not founded on any construction of the statute now under consideration. In *District of Columbia* v. *Garrison,* 25 App. D. C. 563, and *District of Columbia* v. *Gant,* 28 App. D. C.

186, the jurisdiction was asserted without question or discussion; but the judgment discharging the defendant in error in each case was affirmed.

Entertaining the opinion that sec. 935 does not extend the right of appeal to this case, the appeal is dismissed for want of jurisdiction.                                        *Dismissed.*