# DISTRICT OF COLUMBIA *v.* BURNS.

APPEAL AND ERROR; CRIMINAL LAW; FOOD AND DRUGS; STATUTES.

1. This Court has no power to review, on writ of error to the police court of this District, a judgment of that court of not guilty,—no jury trial having been demanded by the accused,—in a prosecution for violation of the act of Congress of February 17, 1898 (30 Stat. at L. 246, chap. 25), relating to the sale of adulterated food. (Contruing sec: 935, D. C. Code, 31 Stat. at L. 1341, chap. 854, and following *United States* v. *Evans,* 30 App. D. C. 58.)

2. *Quære,* whether the local pure food and drugs act of Congress of February 17, 1898 (30 Stat. at L. 246, chap. 25), has been repealed in its entirety by the national pure food and drugs act of June 30, 1906 (34 Stat. at L. 768, chap. 3915, U. S. Comp. Stat. Supp. 1907, p. 928).

No. 1918. Submitted November 4, 1908. Decided December 1, 1908.

IN ERROR to the Police Court of the District of Columbia. *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, *Mr. Henry P. Blair,* and *Mr. Francis H. Stephens* for the plaintiff in error.

*Mr. Charles W. Darr, Mr. Julius I. Peyser,* and *Mr. Milton Strasburger* for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This case has been brought up on a writ of error to the police court.

The defendant, William F. Burns, was charged in that court with the violation of the provisions of the act of February 17, 1898, relating to the sale of adulterated food in the District of Columbia, in that he had offered for sale milk which contained less than $3\frac{1}{2}$ per centum of fat. The case was tried without a jury, and the court, concluding that the aforesaid act had been repealed by the pure food act of June 30, 1906, proceeded to adjudge the defendant not guilty. At the hearing in this court, the defendant in error moved to dismiss the writ of error for want of jurisdiction. Under the procedure prescribed in the police court a jury is not called unless demanded by the accused. None was demanded in this case, and the question of the guilt of defendant, as a matter of law and fact, was submitted to the court. Instead of quashing the information and dismissing the prosecution, the court, after hearing some evidence and excluding other, adjudged him not guilty, and discharged him as a result of that judgment. The effect of the judgment is the same as if it had been entered on the verdict of a jury. The defendant cannot be retried for the same offense. Were this court to entertain jurisdiction and determine that the judgment of the police court was erroneous, it could not be vacated and a new trial ordered. It has heretofore been held that sec. 935 of the Code [31 Stat. at L. 1341, chap. 854] does not confer jurisdiction of an appeal from a judgment of the supreme court of the District in a criminal case entered upon a verdict of not guilty, to review errors of law committed by the court, which were the occasion of the verdict. *United States* v. *Evans,* 30 App. D. C. 58. There is no ground for distinction between that case and this.

The question as to the entire repeal of the earlier act, the operation of which was confined to the District of Columbia by the later general law, is one of great importance, that ought to be authoritatively settled. It is unfortunate, therefore, that the police court did not content itself with quashing the information and dismissing the prosecution, in accordance with its view of the law, without going further and adjudging the defendant not guilty. While it seems probable that the court took an

·erroneous view of the law, we are without jurisdiction to express an opinion upon the question, by reason of the judgment :actually rendered.

In accordance with the rule established in *United States* v. *Evans, supra,* the motion must be sustained and the writ of error ·dismissed. It is so ordered.                    *Dismissed.*