## UNITED STATES v. KELEHER.

(Court of Appeals of District of Columbia. Submitted March 4, 1924. Resubmitted October 7, 1924. Decided December 1, 1924.)

No. 4061.

1. Searches and seizures ⬅5—Government required to justify search and seizure and prove validity of warrant on petition and motion to quash warrant.

Where right to make search or seizure was directly challenged by petition for return of property and motion to quash warrant, it was duty of proper officials to justify action taken and establish that search and seizure was legally authorized by valid search warrant.

2. Evidence ⬅82—Compliance with requirements giving police judge jurisdiction to issue writ not assumed.

On petition for return of property taken under search warrant and motion to quash warrant, it will not be assumed that proper steps were taken in ex parte proceeding for issuance of warrant to give the police judge jurisdiction, in absence of showing that proper steps were taken, and production of affidavits or depositions on which his action was predicated.

3. Searches and seizures ⬅3—Warrants not supported by written sworn declaration void.

Under Const. Amend. 4, search warrants not supported by written sworn declaration, or supported merely by affidavits or depositions, leaving no one responsible for misstatements or misinformation, are void.

Appeal from Supreme Court of District of Columbia.

Petition by John B. Keleher for return of property taken under search warrant, and motion to quash warrant. From an order directing return of property, the United States appeals. Affirmed.

Peyton Gordon and L. A. Rover, both of Washington, D. C., for the United States.

T. M. Wampler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. On the first of May, 1923, a search warrant was issued which directed the major of police of the District of Columbia to arrest John B. Keleher and to search his apartment for certain devices, apparatus, and paraphernalia alleged to be kept for the purpose of unlawful gaming and "connected with the maintaining of a place for the making of bets, books, and pools on horse races." Under that search warrant G. W. Worrell, a member of the metropolitan police force, searched Keleher's apartment and seized certain articles specified in the

writ, as well as other property not specifically enumerated therein.

On the 5th of May, 1923, Keleher filed a petition in the Supreme Court of the District of Columbia, in which he prayed for an order directing that the property taken under the warrant be returned to him, on the ground that the search was made without probable cause and in violation of his constitutional rights. Keleher also moved to quash the search warrant on the ground that it was void upon its face, and that there was no warrant or authority for the issuance or execution thereof. To the petition an answer was filed by Robert C. Jackson. Neither the answer nor the record discloses Jackson's relation to the case, or in what capacity he appeared. The answer is silent as to whether the warrant was issued on affidavit or on deposition, and there is absolutely nothing in the record showing that any one made any written or other sworn statement of facts within his own knowledge which would justify the issuance of the search warrant. The Supreme Court of the District ordered the return of the property, and the government appealed.

[1] The right to make a search or seizure having been directly challenged by Keleher's petition and by his motion to quash the warrant, it was the duty of the proper officials to justify the action taken, and to establish that the search and seizure was legally authorized by a search warrant, the issuance of which it was lawful and within the jurisdiction of the police judge to order. No such justification was made, and the government defended the action taken by setting up a search warrant, which in so far as appears from the record was issued on information furnished under oath by William Van Horn. Whether that information was submitted to the police judge by affidavit, or by a sworn verbal declaration which was reduced to writing, does not appear, and we are left completely in the dark as to whether Van Horn swore to the facts of his own knowledge or on information and belief, or as a mere matter of suspicion or belief.

[2] The proceeding was entirely ex parte, and that proper steps were taken to give the police judge jurisdiction to issue the writ cannot be assumed without a showing to that effect and the production of the affidavit or depositions, if any there were, upon which his action was predicated. Indeed, if we could indulge in any presumption as to the regularity of the proceedings, the recital in the warrant that the said William Van Horn "hath probable cause to suspect and does suspect that the said articles * * * are now concealed in the premises of one John Keleher" would overcome that presumption and justify the conclusion that any affidavit or deposition which *may* have been made by Van Horn failed to state that the facts were of his own knowledge.

[3] The Fourth Amendment cannot be avoided or evaded by the issuance of search warrants with no written sworn declaration to support them, or on affidavits or depositions which leave no one responsible for misstatements or misinformation. If that sort of a thing were sanctioned, the Fourth Amendment would become practically useless for the purpose of protecting the citizen against unjustified intrusions on his privacy and on his personal or property rights. Not even Congress has the power by direction or indirection to do away with the Fourth Amendment, and so far as we can find it has not attempted to do so.

Even in war times, and when it became necessary to pass an Espionage Act, the Congress took pains to safeguard the constitutional rights of the citizen by providing, first, that no search warrant should be issued, except upon probable cause, supported by affidavit naming or describing the person, the property, and the place to be searched; second, that before issuing a search warrant the judge or commissioner must examine on oath the complainant and any witness he may produce, and require them to make and subscribe affidavits or depositions setting forth the facts tending to establish probable cause and the grounds for the application. Congress, confronted by a great public emergency, having so carefully in the Espionage Act (40 Stat. 217) protected the constitutional rights of the citizen, it can hardly be assumed that less protection was afforded by enactments passed in time of peace.

The order appealed from is affirmed.

Peyton Gordon and L. A. Rover, both of Washington, D. C., for the United States.

T. M. Wampler, of Washington, D. C., for appellee.