**DISTRICT OF COLUMBIA v. KENDALL.**

Court of Appeals of District of Columbia.
Submitted May 3, 1927. Decided
May 26, 1927.

No. 4544.

Criminal law ⟚1024(5)—Court of Appeals held without jurisdiction to review by writ of error judgment of not guilty found by court sitting without jury (Code, §§ 44 and 935).

Where prosecution for violation of Employment Agency Act, § 8, as amended by 35 Stat. 641, was tried to court without jury on agreed statement of facts, and the defendant adjudged not guilty and discharged, *held*, under District of Columbia Code, §§ 44, 935, Court of Appeals had no jurisdiction of writ of error by District of Columbia to review trial court's action.

In Error to Police Court of the District of Columbia.

John D. Kendall was charged with violation of statute, and to review a judgment of the police court finding him not guilty and discharging him, the District of Columbia brings error. Writ of error dismissed.

F. H. Stephens and E. W. Thomas, both of Washington, D. C., for plaintiff in error.

S. A. Syme, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The District of Columbia filed an information in the police court of the District against John D. Kendall, charging him with violation of section 8 of the Employment Agency Act (as amended by 35 Stat. 641), by unlawfully receiving from an applicant for employment a sum of money greater than $2, as a fee for the procurement of employment and work for the applicant.

The defendant pleaded not guilty, and the issue was tried to the court without a jury, upon an agreed statement of facts. The court found and adjudged the defendant not guilty, and he was discharged. The District of Columbia noted an exception to the finding and judgment of the police court "on the matters of law contained therein," and filed various assignments of error, all of which challenged the interpretation placed by the court upon the statute in question. A writ of error was issued from this court, upon application of the District, for a review of these proceedings.

We are satisfied, however, that we are without jurisdiction in the case. The right of the plaintiff in error to such a review by this court is based upon the provisions of section 935, D. C. Code, which section reads as follows, to wit:

"In all criminal prosecutions the United States or the District of Columbia, as the case may be, shall have the same right of appeal that is given to the defendant, including the right to a bill of exceptions: Provided, that if on such appeal it shall be found that there was error in the rulings of the court during a trial, a verdict in favor of the defendant shall not be set aside."

It may be noted, under section 44, D. C. Code, the finding and judgment entered by the police court in this case are entitled to "the same force and effect in all respects as if the same had been entered and pronounced upon the verdict of a jury."

In United States v. Evans, 30 App. D. C. 58, it was held that under section 935, an appeal by the prosecution does not lie from a judgment discharging the accused after a verdict of not guilty, based upon exceptions taken during the trial.

In District of Columbia v. Burns, 32 App. D. C. 203, which was a prosecution for an alleged violation of the pure food statute, this court held that it has no power to review,

on writ of error to the police court of this District, a judgment of that court of not guilty, no jury trial having been demanded by the accused, Mr. Chief Justice Shepard, speaking for the court, said:

"Under the procedure prescribed in the police court a jury is not called unless demanded by the accused. None was demanded in this case, and the question of the guilt of defendant, as a matter of law and fact, was submitted to the court. Instead of quashing the information and dismissing the prosecution, the court, after hearing some evidence and excluding other, adjudged him not guilty, and discharged him as a result of that judgment. The effect of the judgment is the same as if it had been entered on the verdict of a jury. The defendant cannot be retried for the same offense. Were this court to entertain jurisdiction and determine that the judgment of the police court was erroneous, it could not be vacated and a new trial ordered. * * * It is unfortunate, therefore, that the police court did not content itself with quashing the information and dismissing the prosecution, in accordance with its view of the law, without going further and adjudging the defendant not guilty. While it seems probable that the court took an erroneous view of the law, we are without jurisdiction to express an opinion upon the question, by reason of the judgment actually rendered."

It is immaterial that the facts in the present case were submitted to the court by means of an agreed statement, rather then by the testimony of witnesses. Consistently with the foregoing decisions, the writ of error issued in this case is dismissed.

---

## DISTRICT OF COLUMBIA v. KENDALL.

Court of Appeals of District of Columbia.
Submitted May 3, 1927.   Decided
May 26, 1927.

### No. 4545.

In Error to the Police Court of the District of Columbia.

F. H. Stephens and E. W. Thomas, both of Washington, D. C., for plaintiff in error.

S. A. Syme, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.