**UNITED STATES v. MARTIN.**

**No. 1050.**

Municipal Court of Appeals for the District of Columbia.

Submitted May 21, 1951.

Decided June 15, 1951.

---

2. Freeman on Judgments (5th ed.) § 1278; 49 C.J.S.. Judgments, § 338. See also  Campbell v. Campbell, D.C.Mun.App., 58 A.2d 825.

George Morris Fay, U. S. Atty., J. Warren Wilson and Emory W. Reisinger, Il, Asst. U. S. Attys., all of Washington, D. C., for appellant.

William A. Tinney, Jr., Washington, D. C., with whom Wesley S. Williams, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Defendant was charged with unlawfully having about his person "a certain deadly and dangerous weapon, to wit: a switch blade knife." A motion to dismiss was granted by the trial judge. The United States filed this appeal as of right.

While the question of our jurisdiction to hear the appeal has not been raised it is our duty to limit review to appealable orders or judgments.[1] We have concluded that we do not have jurisdiction and therefore do not reach the merits of the case.

The record before us is somewhat ambiguous. The notice of appeal filed by the United States described the judgment below as an "order quashing information for failure to state a crime and discharging the defendant." If this were a correct description of the order of the trial court we would not doubt our jurisdiction.[2] But, as we read it, this incorrectly describes the record.[3]

The hearing was stenographically reported. It shows that there was a hearing on a "motion to dismiss the above-entitled cause." It also shows that at the very outset the Assistant United States Attorney stated he would like to review briefly "what the facts were." Then followed a discussion participated in by the court and both counsel in which the following facts were recited: That defendant was arrested for drunkenness and the knife in question, closed, was found in his pocket; that the knife was a "switch blade" knife approximately three and a half inches long with a blade of approximately the same length; that it was equipped with a safety catch designed both for the purpose of holding the blade closed and holding the blade open in a stationary position; that *the particular knife involved had been broken so that the safety catch did not hold the knife open.*

From this point forward, the discussion between court and both counsel revolved about the particular knife with the broken catch. The court finally ruled that " * * * you just can't take this one case. This is your weakest case, because under your theory or your statement, even though it is a switchblade knife this particular knife is broken and will not remain open, is that correct?" The prosecutor replied, "Yes, sir, quite right." The court then stated that he was "not laying down a hard and fast rule" and that each and every case has to be decided in the light of all the circumstances surrounding each particular case. The court then granted the motion.

Under the interpretations of the statute permitting appeals by the United States and the District of Columbia in criminal prosecutions, Code 1940, § 23–105, it has been held repeatedly, where the guilt of defendant, as a matter of law and fact, is submitted to the court, an appeal by the Government is not permitted because the defendant cannot be retried for the

1. David v. District of Columbia, D.C.Cir., 187 F.2d 204; Whitman v. Noel, D.C. Mun.App., 53 A.2d 280; Yeager v. District of Columbia, D.C.Mun.App., 33 A.2d 629; Ray v. Bruce, D.C.Mun.App., 31 A.2d 693. Counsel who represented defendant at the hearing in the trial court is now himself an Assistant United States Attorney and counsel who represented defendant here was not present at such hearing.

2. United States v. Cadarr, 24 App.D.C. 143, reversed on other grounds 197 U.S. 475, 25 S.Ct. 487, 49 L.Ed. 842

3. There are other errors in the papers before us. In the assignment of errors the statute alleged to have been violated is described as Title 22, Sec. 3214 of the District Code. The information itself does not designate a particular statute. In the transcript of proceedings defense attorney described the statute as Sec. 3204, Title 22. We assume Section 3204 was involved. In both briefs this section is quoted as it read prior to 1943. But it has since been twice amended.

same offense and therefore even if the ruling of the trial court were found to be erroneous the judgment could not be vacated and a new trial ordered.[4]

█ In both the Kendall and Burns cases no jury demand was filed by defendant. Here there was a jury demand. In the Kendall case no evidence was taken but there was an agreed statement of facts. A jury demand may be waived and in the present case there was clearly an agreed statement of facts. It is also clear from the repeated statements of the trial judge that he was not ruling on the information as such but on the ultimate guilt of defendant under the facts of this particular case. While the entry made was "Motion to dismiss Granted. Deft. Discharged," we believe, under the particular circumstances outlined, this was equivalent to granting a motion for judgment of acquittal.[5] Under such a judgment the Government has no right of appeal.

Appeal dismissed.

4. United States v. Evans, 30 App.D.C. 58, certiorari quashed 213 U.S. 297, 29 S.Ct. 507, 53 L.Ed. 803; District of Columbia v. Burns, 32 App.D.C. 203; District of Columbia v. Kendall, 57 App.D.C. 271, 20 F.2d 287.

5. See Rule 29, Federal Rules of Criminal Procedure, 18 U.S.C.A.