**UNITED STATES of America**

v.

**Meyer SCHWARTZ.**

**Crim. No. 64 26.**

United States District Court
W. D. Pennsylvania.

Oct. 2, 1964.

James McKenna, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

H. David Rothman, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

This is here on a Motion to Suppress Evidence. A Grand Jury indictment charged the defendant with six counts of violations arising out of failure to pay the tax for engaging in the business of accepting and receiving wagers in violation of the provisions of Title 26 U.S.C. §§ 4411, 4412, and 7262.

Violations are based on occurrences on March 14, 29 and June 18, 1963, and September 25, 1963. From the evidence presented before me, a duly authorized magistrate issued a search warrant for the person and automobile of the defendant based upon confidential information and sworn testimony of Robert Creo, a detective employed by the Bureau of Police of the City of Pittsburgh. Detective Creo testified his information was based upon surveillance of the defendant for approximately two or three days, at which times the defendant was seen frequenting a known numbers establishment at a time of the day when wagers would ordinarily have been deposited with the banker.

On March 29, 1963, Clemons Gross, also a detective on the City of Pittsburgh Police Force gave a sworn statement to a duly authorized magistrate that he and another officer observed the defendant in the company of a well known and convicted numbers writer in the defendant's car. On the basis of this sworn statement, the magistrate issued a search warrant for a search of the defendant's person and automobile. When an officer who submits affidavits upon which search warrants are issued has, through personal contact, knowledge, observation and information that the premises to be searched were being used for the operation of a numbers lottery and that evidence of such operation is concealed at that place, such information is sufficient to establish probable cause for the issuance of the warrant. United States v. Bell, 126 F.Supp. 612 (D.C.D.C. 1955). See also United States v. Clancy, 276 F.2d 617 (C.A.7, 1960). Probable cause for the issuance of a search warrant has been described by the courts as that set of facts from which a reasonable discreet and prudent man would conclude that the offense charged had been committed. Lowrey v. United States, 161 F.2d 30 (C.A.8, 1947). The commissioner, or as in this case a magistrate, must exercise his own judgment as to whether facts in the affidavit constitute probable cause for issuing a search warrant and his determination is conclusive unless his judgment is arbitrarily exercised. Gracie v. United States, 15 F.2d 644 (C.A.1, 1926).

On June 18, 1963, Joseph Tully, a detective employed by the Bureau of Police of the City of Pittsburgh, had occa-

sion to enter Rein's Tavern on Forbes Avenue in Pittsburgh for the purpose of serving an arrest warrant issued on a John Doe and not related to the defendant. As detective Tully entered the tavern, he observed the defendant in a telephone booth, but not conversing on the phone. He further observed an envelope in the jacket pocket of the defendant which, from his previous experience with the defendant, he testified he had reason to believe contained numbers slips. The detective arrested the defendant and confiscated the envelope. The envelope was found to contain eighty-eight numbers slips indicating a gross play of $309.31 in the numbers lottery. The detective testified that there was insufficient time to obtain a search warrant for the occasion and that the search and seizure was made incident to a lawful arrest.

■ At the hearing, the defendant denied that the envelope was in his pocket but stated that it was on the ledge underneath the telephone. This is a disputed fact which I shall resolve in favor of the arresting officer. The exception to the general rule that a search incident to a lawful arrest need not rest upon a search warrant is established law. Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958).

On September 25, 1963, Robert Madden, a special agent in the Intelligence Division of the Internal Revenue Service, executed, under oath, before United States Commissioner Reed an affidavit in support of an arrest warrant. The affidavit set forth the three prior arrests made by the police of the City of Pittsburgh as well as information received from one Doris Thomas, in affidavit form, that she placed several wagers with the defendant, that one of these wagers "hit" and that the defendant was reluctant to pay for her win.

■ Based upon the information contained in the affidavit made by Miss Thomas and given to agent Madden and upon agent Madden's affidavit as to this information and the previous arrests of the defendant by the Pittsburgh police, Commissioner Reed issued an arrest warrant for the defendant. As in the case of probable cause for the issuance of a search warrant, it is also well established that evidence in support of the issuance of a warrant of arrest need not justify conviction, and while the burden is on the government to justify the issuance of the warrant the showing need only be of such a nature as to establish in the mind of a reasonably cautious person on the strength of the then known facts that the law has been violated. United States v. Basiliko, 35 A.2d 185 (D.C.Mun.App., 1943). And in United States v. $1,058.00 in United States Currency, 210 F.Supp. 45 (D.C.W.D.Pa.1962), it was held that hearsay statements contained in the affidavits presented to the commissioner established probable cause that gambling paraphernalia was concealed at the designated location and that the claimants were illegally engaged in the business of accepting wagers, so as to justify the commissioner in issuing both search and arrest warrants upon these affidavits. See also United States v. Bosch, 209 F. Supp. 15 (D.C.E.D.Mich., 1962) for hearsay as sufficient basis for the issuance of a warrant.

The defendant was served with the arrest warrant the following day at his home and was placed under arrest in the hallway. He then requested that he be permitted to go to his second floor living quarters to get his hat and coat. Agents Madden and Plasko accompanied the defendant to the second floor and observed lying in plain sight on a radio in the dining room two envelopes, one marked "steadies" and one marked "weeklies". These envelopes were seized by the agents incident to this arrest and found to contain numbers paraphernalia.

The defendant here urges suppression of all evidence as it may be related to any arrest by the City police. The defendant also urges that by suppressing this evidence the effect will minimize the probability of the reasonableness in the procurement of warrants by the Federal

authorities for their arrest of the defendant.

It is my opinion, based on cases previously cited, that the arrest warrant issued by Commissioner Reed was properly supported by the affidavit of the Federal agent containing hearsay information of one Doris Thomas. While the information concerning the three prior arrests of the defendant by the Pittsburgh police was unnecessary to establish probable cause for the issuance of the arrest warrant, I am of the opinion that even if they had been invalid searches, their inclusion in the affidavit would merely act to bolster the information received from Doris Thomas. I cannot say, however, that the actions of the Pittsburgh police were unlawful. Insofar as the June 18th incident was concerned, no warrant was used in the arrest of the defendant. It would appear, and I so say, that the detective who was familiar with the defendant's activities in the numbers business and with the methods used in the numbers business, upon sight, believed what he really recognized was a fact that the defendant was then and there engaged with numbers paraphernalia and had the same on his person. Under such circumstances, he was justified in making the arrest without a warrant, since there was no time to procure either a search warrant or an arrest warrant. It is common knowledge that the numbers business in the area has developed and sharpened into a high degree of stealthy and surreptitious activities aimed at side tracking and deceiving law enforcement officers. It is also known that law enforcement officers engaged in tracking this lottery trafficing have acquired a high degree of knowledge of the trafficers, their identities and their methods in such trafficing.

Under these circumstances, the evidence of the detective on the occasion of June 18th when he had reason to believe that the defendant was then and there engaged in the lottery business so as to have made an arrest upon sight necessary, is deserving of credibility so far as probable cause is concerned.

As for the issuance of the search warrants on March 14th and March 29th, the observations of the attesting officers based upon their surveillance of the defendant, in conjunction with confidential information given through an anonymous phone call, was sufficient probable cause for the issuance of these warrants. Proof that these anonymous calls were reliable, as they usually are in numbers activities, lies in the fact that the searches resulted in substantial recovery of numbers slips.

And also, the defendant in his motion, has requested that the evidence be suppressed and that all testimony pertaining thereto be excluded from the trial of this case. There appears to be no reason to rule upon the admissibility of any evidence here presented. Accordingly, no ruling is made in connection with the admissibility or exclusion of any evidence so far as the trial of the case is concerned. But I do rule that the evidence was properly seized by both the City and Federal authorities. As I have previously indicated, there was sufficient probable cause for the magistrate to have issued the search warrants on March 14th and March 29th, 1963, and the search and seizure of evidence on June 18th, 1963, was incident to a lawful arrest made without a warrant. As for the Federal enforcement officers, they had sufficient knowledge that the defendant was regularly and perhaps professionally engaged in the business of numbers writing, for which, of course, he would have need to pay a tax and procure a gambling stamp as required by Federal law. So that when Doris Thomas came to the Internal Revenue Agent with certain information regarding activities by the defendant as a numbers writer, this taken together with other information was such as would establish basic probable cause for the issuance of an arrest warrant of the defendant.

For the reasons set forth above, the defendant's motion will be denied.