## Case No. 12,125.

### RULE v. PARKER.

[Brunner, Col. Cas. 239; [1] 1 Cooke, 365.]

Circuit Court, D. Tennessee. 1813.[2]

TAXATION—SALES—COMPLIANCE WITH STATUTE.

To support a title under a tax sale a strict compliance with the statute is requisite, and where the reputed owner is proceeded against as though he were occupier, the sale is illegal.

A grant issued to one Grant, who conveyed to the plaintiff [Rule's lessee]. The land in question was sold for the direct tax as the property of Grant, and purchased by Smith and Bradford. They sold to Parker, and the collector made him a deed. Many objections were made to the title derived under the sale for the direct tax; but the points upon which the cause turned will be seen in the following opinion of the court.

Mr. Whiteside, for plaintiff.
Haywood & Dickinson, for defendant.

BY THE COURT. This is a proceeding by which a man's property is to be taken from him without the interference of a court, and not in the common course of law. It is a summary and an extraordinary proceeding. Whoever claims title under it must show that he has complied with all the requisites which the law has prescribed in order to guard against fraud and imposition. The advertisements required by the act to precede a sale ought to be proved to have been made, so as to satisfy a jury that they were made. Circumstances indicative of the fact may be received at this distance of time; and some such circumstances have been given in evidence in the present case, such as the production of one gazette, in which the advertisement appears. But there is one objection which the court deems fatal. The surveyor's book describes the land and its situation, and states Grant to be the reputed owner. The collector's book states him to be the occupier or possessor, and it is proved that Grant lived in Kentucky. Had it appeared upon the collector's book that he was only the reputed owner, there would have been a publication as directed by the act of 1798, c. 92. § 11 [Folwell's Ed. 204; 1 Stat. 600, c. 75], as well as the publication required by the thirteenth section. It is indeed argued by the counsel for the defendant that the publication is only requisite in the case of an unknown person, whose personal property is intended to be seized by the collector for raising the taxes due, and is only preparatory to such seizure. I am of opinion, however, that it is equally necessary in the case of a person who is known, but is the resident of another state or country; and that in the case of an absentee both advertisements are necessary, as directed by the eleventh and twelfth sections

---

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]
2 [Affirmed in 9 Cranch (13 U. S.) 64.]

of the act of 1798. As to the objection that a demand by the collector ought to have preceded the sale, that could not be, for the reputed owner was not in the collection district. Nor does the court perceive the weight of the objection as to sending a statement of the taxes due to the collector of the district where Grant resided. The district spoken of in the act meant one in the state, and under the care and superintendence of the same supervisor as the district from whence it must be sent.

Verdict for the plaintiff.

This case went to the United States supreme court on a writ of error, and the judgment of this court was affirmed. See 9 Cranch [13 U. S.] 64.

---

## Case No. 12,126.

### In re RULE OF COURT.

[3 Woods, 502.] [1]

Circuit Court, N. D. Georgia. March Term, 1877.

CRIMINAL LAW—COMPLAINT—SUFFICIENCY OF AFFIDAVIT—PROBABLE CAUSE—REAL ACCUSER.

1. An affidavit made solely upon information derived from others whose names are not given, by a person who swears that he has good reason to believe, and does believe, that a certain person, naming him, has committed an offense against the laws, describing it, does not meet the requirements of article 4 of the amendments to the constitution of the United States.

[Quoted in U. S. v. Tureaud, 20 Fed. 623. Cited in Re Gourdin, 45 Fed. 843.]
[Cited in State v. Sureties of Krohne (Wyo.) 34 Pac. 5.]

2. The probable cause mentioned in that article which is to be supported by oath or affirmation, and upon which alone a warrant can issue, must be submitted to the committing magistrate, who must judge of the sufficiency of the ground shown for believing the accused party guilty.

[Quoted in U. S. v. Tureaud, 20 Fed. 623. Cited in U. S. v. Polite, 35 Fed. 59.]

3. The magistrate, before issuing a warrant, should have before him the oath of the real accuser to the facts on which the charge is based, and on which the belief or suspicion of guilt is founded.

[Quoted in U. S. v. Tureaud, 20 Fed. 623; Re Dana, 68 Fed. 894.]

[In the matter of a rule of court prescribing the duty of circuit court commissioners in certain cases.]

BRADLEY, Circuit Justice. I am informed by his honor, the district judge, that great inconvenience is caused in this district by the arrest of persons charged with offenses against the revenue laws, against whom no sufficient evidence can be produced, either before the grand jury to warrant an indictment, or before the traverse jury to justify a conviction, whereby much useless expense is caused to the government, and the personal liberty of the people is unnecessarily inter-

---

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

fered with. One cause of this evil seems to be the fact that warrants are issued upon the affidavit of some officer, who, upon the relation of others whose names are not disclosed, swears that upon information, he has reason to believe, and does believe, the person charged has committed the offense charged. The district judge, not being satisfied that this is a sufficient ground for issuing a warrant of arrest, has desired my advice in the matter. After examination of the subject, we have come to the conclusion that such an affidavit does not meet the requirements of the constitution, which, by the fourth article of the amendments, declares that the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and that no warrants shall issue but upon probable cause, supported by oath or affirmation. describing the place to be searched and the persons to be seized. It is plain from this fundamental enunciation, as well as from the books of authority on criminal matters in the common law, that the probable cause referred to, and which must be supported by oath or affirmation, must be submitted to the committing magistrate himself, and not merely to an official accuser, so that he, the magistrate, may exercise his own judgment on the sufficiency of the ground shown for believing the accused person guilty; and this ground must amount to a probable cause of belief or suspicion of the party's guilt. In other words, the magistrate ought to have before him the oath of the real accuser, presented either in the form of an affidavit, or taken down by himself by personal examination, exhibiting the facts on which the charge is based and on which the belief or suspicion of guilt is founded. The magistrate can then judge for himself, and not trust to the judgment of another, whether sufficient and probable cause exists for issuing a warrant. It is possible that by exercising this degree of caution. some guilty persons may escape public prosecution, but it is better that some guilty ones should escape than that many innocent persons should be subjected to the expense and disgrace attendant upon being arrested upon a criminal charge, and this was undoubtedly the beneficent reason upon which the constitutional provision referred to was founded.

In view of these considerations, and to correct the evil alluded to, we have prepared and now make the following general order for the guidance of the commissioners of this court, in the manner of issuing warrants of arrest against persons charged with crime, to wit: No warrant shall be issued by any commissioner of this court for the seizure or arrest of any person charged with a crime or offense against the laws of the United States upon mere belief, or suspicion of the person making such charge; but only upon probable cause, supported by oath or affirmation of such person, in which shall be stated the facts within his own knowledge constituting the grounds for such a belief or suspicion.