UNITED STATES *v.* TUREAUD. (Several Cases.

*(Circuit Court, E. D. Louisiana.* May 28, 1884.

1. CRIMINAL LAW—INFORMATIONS.
    Informations must be based upon affidavits which show probable cause arising from facts within the knowledge of the parties making them; the mere belief of the affiant is insufficient.
2. SAME—AMENDMENT OF INFORMATIONS.
    Amendments of affidavits made as part of criminal informations cannot be allowed.

Motions to Quash Informations on the ground of insufficiency of affidavits.

*A. H. Freeman,* Asst. Atty. Gen., *A. H. Leonard,* and *Francis T. Nichols,* U. S. Atty., for plaintiff.

*John D. Rouse, William Grant,* and *Joseph P. Hornor,* for defendant.

BILLINGS, J. The question presented arises in prosecutions for the lowest grade of misdemeanors, but the determination affects the proceedings in all mere misdemeanors or offenses lower than felonies. I asked, therefore, a fuller argument, in order that I might have all the aid possible in the consideration of the matter, so that, on the one hand, there might be no groundless restriction upon the executive department in its efforts to enforce criminal law, and, on the other hand, that no protection which the constitution had thrown around the citizen might be disregarded.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

The affidavits, the sufficiency of which are to be determined, are identical, and are as follows:

"Geo. A. Dice, being duly sworn, says: All the statements and averments in the foregoing information are true, as he verily believes.
                                                              "GEO. A. DICE.
"Sworn to and subscribed before me this twentieth day of May, 1884.
                                        "E. R. HUNT, U. S. Commissioner."

The point, and the sole point, to be passed upon is whether this affidavit furnishes such a "probable cause," and is supported by such an oath, as is required by the fourth amendment to the constitution. It is true, it is an affidavit subjoined to and made the basis of an information. It is also true that under the usages of the government of Great Britain this information belongs to the class of formal accusations which could be made by the king in his courts without any evidence, and against all evidence. But the adoption of the fourth amendment affected all kinds and modes of prosecution for crimes or offenses; for there can be no legal pursuit of accused persons without apprehension. All prosecutions require warrants. An information, a suggestion of a criminal charge to a court, is a vain thing, unless it is followed by a *capias*. The procedure by information, therefore, after it was acted upon by this amendment lost its prerogative function or quality. It could not thereafter be the vehicle of preferring any arbitrary accusation—not by the king, because we have in the department of criminal law no successor to him, so far as he represented a right to institute, if it pleased him, unsupported incriminations; nor by the district attorney, nor by any other officer of the United States; for the constitution has said, in effect, that in no way nor manner shall magistrates or courts issue warrants, except upon proofs, which are to be upon oath and make probable excuse. See *State* v. *Mitchell*, 1 Bay, 267, and 1 Op. Attys. Gen. 229, where Mr. Attorney General WIRT holds that even the president is controlled by this amendment. All arbitrary informations, all informations which spring into existence simply because the king and his attorney elected to present them, indeed all informations, except those supported by proof upon oath, which constitute probable cause, by this constitutional provision were expunged from permissible procedures, and the learning about informations was left valuable only as showing what proofs were considered adequate in cases where proofs had to be presented in order to have them acted upon by the judicial discretion or mind.

The master of the crown, whose duties with regard to informations to be sustained by proofs corresponded with the district attorneys' of the United States in the courts of the Union, was required to produce to the court "such legal evidence of the offense having been committed by the defendant as would warrant a grand jury in finding a true bill against the defendant, otherwise he will be left to his ordinary remedy by action or indictment." Cole, Crim. Inf. marginal

paging 15, 54 vol. Law Library. This is the measure of proof which is held to be requisite by the courts of the United States under the fourth amendment. See *Ex parte Burford*, 1 Cranch, C. C. 276. CRANCH, J., whose dissenting opinion was adopted by the supreme court, said: "It [the warrant] ought to have stated the names of the persons on whose testimony it was granted, and *the nature of the testimony*, so that this court may know what kind of ill-fame it was, and whether the justices have exercised their discretion properly." When the case reached the supreme court, (3 Cranch, 453,) "the judges of that court were unanimously of opinion that the warrant of commitment was illegal for want of stating some *good cause certain, supported by affidavit.*"

The rule which must govern this court, and all magistrates who authorize arrests under the constitution of the United States, as to the foundation for the issuance of warrants, is uniform, and is thus stated by Mr. Justice BRADLEY in the matter of a rule of court upon the subject, (3 Woods, 502:)

"After an examination of the subject, we have come to the conclusion that such an affidavit does not meet the requirements of the constitution, which, by the fourth article of the amendments, declares that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and that no warrants shall issue but upon probable cause, supported by oath or affirmation describing the place to be searched and the persons to be seized. It is plain from this fundamental enunciation, as well as from the books of authority on criminal matters in the common law, that the probable cause referred to, and which must be supported by oath or affirmation, *must be submitted to the committing magistrate himself, and not merely to an official accuser*, so that he, the magistrate, may exercise his own judgment on the sufficiency of the ground for believing the accused person guilty; and this ground must amount to a probable cause of belief or suspicion of the party's guilt. In other words, the magistrate ought to have before him the oath of the real accuser, presented either in the form of an affidavit or taken down by himself on a personal examination, exhibiting the facts on which the charge is based, and on which the belief or suspicion of guilt is founded."

The rule which was established was that the warrant should issue "only upon probable cause, supported by oath or affirmation of the person making the charge, in which should be stated *the facts within his own knowledge* constituting the grounds of such belief or suspicion."

In New York the statute required the warrant to contain, in the very words of the fourth amendment, a recital of "probable cause, supported by oath or affirmation." In *Blythe* v. *Tompkins*, 2 Abb. Pr. 468; Abb. N. Y. Dig. *verbo,* "Arrest," § 324, the warrant recited a complaint on oath by A. and B. that on or about a certain day, D., "*as the said witnesses had good reason to believe and do believe,*" committed the offense. The court held the warrant on its face void, and that "*the mere belief of witnesses was insufficient.*"

In *Vannatta* v. *State*, 31 Ind. 210, it was held that an information in which the district attorney charges the offense, "*as he verily be-*

*lieves*," is bad on a motion to quash. In this last case the court, in effect, say that a verdict of guilty would not establish probable cause, for they say, (p. 211:) "A verdict that the defendant is guilty as charged would amount to nothing. *It would only show that the district attorney* BELIEVED *that the offense had been committed.*"

The "probable cause supported by oath or affirmation," prescribed by the fundamental law of the United States, is, then, the oaths or affidavits of *those persons who, of their own knowledge, depose to the facts which constitute the offense.*

It does not appear, from the affidavit upon which these procedures are based, that the affiant has any knowledge whatever of the truth of the matters contained in the informations; but simply that "all the statements and averments are true *as he verily believes*," *i. e.*, that he believes them all to be true, without any showing as to the grounds of his belief. Nothing was submitted by this affidavit upon which the "grand jury could have found a bill," nor "upon which the court could exercise its own judgment as to the sufficiency of the ground for believing the accused guilty." The constitutional provision must be utterly disregarded, or else it must be held that there is here no probable cause supported by the necessary proof.

The law of this state was correctly stated by the counsel of the government, and the attorney general of the state may file informations without offering any proofs. No more doubt is there that the section 1014 of the Revised Statutes of the United States authorizes the usages of the state to be followed as to the mode of process against offenders. But this, if, indeed, it refers to anything more than the form of the warrant, could not, by any possibility, include any usage which is expressly prohibited by the constitution of the United States.

An offer was made by the assistant attorney general to file another affidavit in case the court should find the one now on file defective. After consulting the authorities, I find that even when the hearing was on a rule to show cause why an information should not be filed, amendments of affidavits were not allowed. *Rex v. Inhab. of Barton*, 9 Dowl. 1021. See the numerous authorities cited in Cole, Crim. Inf. marginal paging 51, in support of the doctrine that if a party makes application on insufficient materials he cannot afterwards be allowed to supply the deficiency, and even though the deficit may be in the jurat. But where, as here, the probable cause has been acted on, and the warrant issued, the information must be adjudged either good or bad upon the record, and the proofs made by affidavit cannot be supplemented any more than upon a hearing under a writ of *habeas corpus.*

The motions to quash the informations must therefore be allowed.