REUBEN A. FALOON *vs.* J. FRED O'CONNELL

BERTIE FALOON *vs.* J. FRED O'CONNELL

Penobscot.    Opinion February 10, 1915.

*Arrest.    Dwelling House.    Intoxicating Liquors.    Jurisdiction.    Justification.*
*R. S., Chap. 29, Sec. 52.    Search and Seizure.    Warrant.*

1.   In a warrant to search a dwelling house for intoxicating liquors, the allegation, either that the house was used as an inn or shop, or for purposes of traffic, or that the magistrate was satisfied by evidence presented to him, and so states in the warrant, that intoxicating liquor is kept in such house or its appurtenances, intended for sale in this State in violation of law, is material, and the want of such an allegation is fatal.

2.   A magistrate or court has no jurisdiction to issue a warrant to search a dwelling house for intoxicating liquors, except upon complaint that it, or some part of it, is used as an inn or shop or for purposes of traffic, or when the magistrate or court is satisfied by evidence, and so states in the warrant, that intoxicating liquor is kept in the house, intended for unlawful sale in this State; and these jurisdictional facts must appear on the face of the warrant.

3.   An officer is not protected by a warrant issued by a magistrate or inferior court, unless it shows on its face that the magistrate or court had jurisdiction to issue it.

4.   It is not a violation of law for one to interfere with and impede the execution of a warrant for the search of intoxicating liquor, when the warrant shows on its face that it is void for want of jurisdiction of the magistrate or court that issued it.

On exceptions by defendant.    Exceptions overruled.

Two actions against the defendant, as Sheriff of Penobscot County, for alleged false imprisonment of the plaintiffs, by his deputies upon a search and seizure process, issued from the Bangor Municipal Court under the statute prohibiting the sale of intoxicating liquors.    In each case, a verdict was directed for the plaintiff, and the defendant excepted.

The case is stated in the opinion.

*E. P. Murray,* for plaintiffs.

*B. W. Blanchard, and D. F. Snow,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HANSON, JJ.

SAVAGE, C. J.   The plaintiffs in these two actions are husband and wife.   They have brought their actions respectively against the defendant, as sheriff of Penobscot County, for alleged false imprisonment by his deputies, in the execution of a search and seizure process under the statute prohibiting the sale of intoxicating liquors.   The defendant sought to justify under a warrant for search and seizure of intoxicating liquors issued from the Bangor Municipal Court.   In each case, a verdict was directed for the plaintiff, and the defendant excepted.

The cases can be considered together.   In the end both depend on the same question of law.   The facts are these.   Upon a complaint alleging that "intoxicating liquors were, and still are kept and deposited by Reuben Faloon of Howland in said county, in the dwelling house," occupied by said Reuben Faloon, the location being particularly described, a warrant to search the dwelling house was issued from the Bangor Municipal Court.   Search was made accordingly, and the plaintiff Reuben Faloon was arrested on the warrant by the defendant's deputies.   And this is the imprisonment complained of by Reuben.

The testimony, which we must assume to be true on a directed verdict, shows that the wife, Bertie Faloon, prevented the officers from seizing a bottle of whiskey by taking it, breaking the bottle, and thus pouring the whiskey onto the ground.   For thus obstructing, impeding and pre.:enting the officers in the service of the process, she was arrested at once, and without warrant.   And this is the imprisonment complained of by Bertie Faloon.   If the search was lawful, she had no right to interfere.   If it was not lawful, she was not guilty of obstruction.   *Vinton* v. *Weaver,* 41 Maine, 430.   So that in this case, as in the other, the question reverts to whether the officers were justified by the warrant in making the search.

It is provided by statute, R. S., Chap. 29, Sec. 52, that no warrant shall be issued to search a dwelling house occupied as such, unless it, or some part of it, is used as an inn or shop, or for purposes of traffic,

or unless the magistrate before whom the complaint is made, is satisfied by evidence presented to him, and so alleges in said warrant, that intoxicating liquor is kept in such house or its appurtenances, intended for sale in this State in violation of law." In the warrant in question there is no allegation that the dwelling house, or a part of it, was used as an inn or shop, or for purposes of traffic, nor did the magistrate state in the warrant that he was satisfied by evidence that intoxicating liquor was kept in the dwelling house intended for unlawful sale. In a warrant to search a dwelling house, the allegation either that the house was used as an inn or shop, or for purposes of traffic, or that the magistrate was satisfied by evidence, and so forth, is material, and the want of it fatal. *Small* v. *Orne*, 79 Maine, 78; *State* v. *Whalen*, 85 Maine, 469; *State* v. *Comolli*, 101 Maine, 47; *State* v. *Soucie*, 109 Maine, 251.

It is well settled, for reasons founded on public policy, that the law protects its officers in the performance of their duties, if there is no defect or want of jurisdiction apparent on the face of the writ or warrant under which they act. The officer is not bound to look beyond his warrant. *Small* v. *Orne*, 79 Maine, 78; *Rush* v. *Buckley*, 100 Maine, 322; *Kalloch* v. *Newbert*, 105 Maine, 23. He may justify, though in fact the warrant may have been issued without authority, *Emery* v. *Hapgood*, 7 Gray, 55; or if there be irregularities making the process voidable, *State* v. *McNally*, 34 Maine, 210; *Tellefson* v. *Fee*, 168 Mass., 188. If the warrant was fair on its face, and the court had jurisdiction to issue it, the officer can justify. *Gray* v. *Kimball*, 42 Maine, 299; *Brown* v. *Mosher*, 83 Maine, 111; *Winchester* v. *Everett*, 80 Maine, 535.

But while the officer is not bound to look beyond his warrant, he is bound to look at it. The safety of the citizen and his protection against unwarrantable deprivation of personal liberty require that an officer should assume at least so much responsibility. This doctrine also is founded upon public policy, and is a sound one, although it may seem to work a hardship in some individual cases.

An officer is not protected by a warrant issued by a magistrate or inferior court unless it shows on its face that the magistrate or court had jurisdiction to issue it. Jurisdiction cannot be presumed. *Gurney* v. *Tufts*, 37 Maine, 130; *Vinton* v. *Weaver*, 41 Maine, 430; *Wills* v. *Whittier*, 45 Maine, 544; *Guptill* v. *Richardson*, 62 Maine, 257; *Jacques* v. *Park*, 96 Maine, 268; *Adams* v. *Allen*, 99 Maine, 249.

And the same rule applies, of course, when the want of jurisdiction appears affirmatively on the face of the process. *Waterville* v. *Barton,* 64 Maine, 321.

The Bangor Municipal Court has jurisdiction to issue warrants for the search and seizure of intoxicating liquors, but its jurisdiction is limited by statute. R. S., Chap. 29, Sec. 52. It has not jurisdiction to issue warrants to search dwelling houses indiscriminately. It has jurisdiction to issue a warrant to search a dwelling house only when it, or some part of it, is complained of as being used as an inn or shop or for purposes of traffic, or when the court is satisfied by evidence, and so states in the warrant, that intoxicating liquor is kept in the house intended for unlawful sale. These are jurisdictional facts, and a statement of one or the other of these contingencies must appear on the face of the warrant.

The warrant in question here contained no statement of any of these jurisdictional facts. Thus the want of jurisdiction appeared on the face of the warrant, and the officer was bound to take notice thereof at his peril. It follows that the warrant affords no justification to the defendant. The direction of a verdict for the plaintiff was right.

The certificate in each case must be,

*Exceptions overruled.*