## SPARKS v. UNITED STATES.
### No. 7519.

Circuit Court of Appeals, Sixth Circuit.
April 16, 1937.

J. H. Doughty, of Knoxville, Tenn., for appellant.

W. T. Kennerly, of Knoxville, Tenn. (J. B. Frazier, Jr., of Knoxville, Tenn., on the brief), for the United States.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was convicted on each of four counts of an indictment which charged in substance that he assaulted and attacked, forcibly intimidated, obstructed, and used deadly weapons in resisting a deputy United States marshal while such deputy marshal was engaged in the performance of his official duties. Counts 1 and 2 of the indictment were based upon the violation of title 18, section 254, U.S.C. (18 U.S.C.A. § 254), count 3 upon the violation of title 18, section 245, and count 4 upon the violation of title 18, section 121.

On May 20, 1935, S. C. Feild, a deputy United States marshal, with other officers attempted to execute a search warrant for the seizure of certain counterfeit molds alleged to be on the premises of Ed Sparks. Appellant brandished an ax, and later pointed a shotgun at the officers, threatening to shoot, and prevented them from carrying out the search. During the altercation he struck Feild on the head with the barrel of his gun.

Two questions are presented by this appeal: (1) Was the indictment defective, and (2) was Feild acting in the performance of his duties at the time of the alleged offense? In this connection appellant urges that the warrant was void.

■ The first question was preserved for review by demurrer, which was overruled by the District Court. We deem it unnecessary to consider at length the objection that the indictment is vague and uncertain. It enables the accused to know the nature and cause of the accusation, and to plead the judgment in bar of further prosecution for the same offense. It therefore is sufficient. Simon v. United States, 78 F. (2d) 454 (C.C.A.6). Cf. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 75 L.Ed. 861. Neither is it fatal that the indictment does not allege with greater particularity the contents of the search warrant nor the facts underlying its issue. The indictment shows that the warrant was issued upon the affidavit of a secret service operative, by a duly designated, qualified and acting commissioner, and states its substance. This is sufficient. United States v. Goldsmith, 68 F.(2d) 5 (C.C.A.2).

■ We do not pass upon the contention that the first two counts are objectionable for duplicity, as appellant has not shown that his substantial rights were prejudiced thereby. No motion to elect was made, and the charge of the court, if any, upon these counts is not preserved in the record. Cf. Bailey v. United States, 278 F. 849 (C.C. A.6); Grandi v. United States, 262 F. 123 (C.C.A.6). Title 18, section 556, U.S. C. (18 U.S.C.A. § 556).

■■ The last two grounds of demurrer are that the third and fourth counts fail to state that appellant knew that Feild was an officer of the United States. On a trial for resisting an officer it must be shown that the person resisted was an officer, and that the accused was aware of that fact. Pettibone v. United States, 148 U.S. 197, 205, 13 S.Ct. 542, 37 L.Ed. 419. The counts charge appellant with the intent to obstruct Feild in the discharge of his official duty, and thus fairly charge appellant's knowledge of Feild's official status. The defect was one of form only. The indictment, taken as a whole, did not mislead the. accused, and the conviction will not be reversed because of this technical objection. Title 18, section 556, U.S.C. (18 U.S.C.A. § 556); Grandi v. United States, supra; Gay v. United States, 12 F.(2d) 433 (C.C. A.5).

■ The second question is more difficult. Appellant urges that Feild is not protected by the statutes involved for the reason that the search warrant is invalid. He contends (1) that the description of the premises is inadequate, and (2) that the warrant is based upon hearsay evidence. The description is not in all respects accurate. The property was not the "John Harrison Farm," as stated in the warrant. However, the warrant refers to the premises of Ed Sparks, and these were the premises entered. Before going into the house Feild inquired whether Ed Sparks lived there, and appellant's wife replied in the affirmative. Appellant says that he is not Ed Sparks, but David Ellis Sparks. There is no confusion as to identity, for the evidence clearly shows that appellant was frequently called Ed Sparks. A description of the property is sufficient if the officer can with reasonable effort identify the intended place. Steele v. United States No. 1, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757; Rothlisberger v. United States, 289 F. 72 (C.C.A.6). That the officers located the correct place cannot be questioned. In addition, appellant's name appeared in the warrant, and, as pointed out in Fall v. United States, 33 F.(2d) 71 (C.C.A.9), this identifies the place with as much certainty as would the most particular description of the property. The description is adequate.

The gist of the contention as to the validity or invalidity of the warrant lies in the fact that it was based upon an affidavit executed upon information and belief. The affidavit, in its material portions, reads as follows: "That affiant is informed by a reliable citizen that he the informant was in the presence of Ed Sparks, and while there Ed Sparks stated that he had counterfeit molds in his house, in back room, in straw tick and nobody could find them. Said house being a 1 story boxed house on John Harrison farm in Monroe County, Tenn." The warrant was not accompanied by an affidavit executed by the informant. However, the United States Commissioner, called as a witness, testified at the trial that both the affiant, Vaughn, and the informant, Fortner, were present when the commissioner issued the search warrant, and the informant testified under oath that Ed Sparks had told him that he had these counterfeit molds in a bedtick at his home.

■ The validity of the search warrant is always relevant on the question of obstructing an officer in the performance of his duties. Resistance to a search carried out under an invalid warrant is not illegal. United States v. Bachelder, Fed.Cas.No. 14,490; United States v. Pitotto, 267 F. 603

(D.C.); Dovel v. United States, 299 F. 948 (C.C.A.7); Falcon v. O'Connell, 113 Me. 30, 92 A. 932; Commonwealth v. Martin, 105 Mass. 178.

■ The search warrant must conform to the constitutional and statutory requirements under which it is issued. Leonard v. United States, 6 F.(2d) 353 (C.C.A.1). Here the warrant was issued under title 18, section 287, U.S.C. (18 U.S.C.A. § 287), which covers search warrants for suspected counterfeits. It requires that the warrant shall issue upon a showing of probable cause sustained by proper oath or affirmation, and does not call for an affidavit nor for testimony reduced to writing. The Espionage Act, title 18, section 611 et seq., U.S.C. (18 U.S.C.A. § 611 et seq.), under which many search warrant cases arise, specifically requires an affidavit.[1] Unless the requirement is read into title 18, section 287, U.S.C. (18 U.S.C.A. § 287), under the Fourth Amendment to the Constitution, the decisions under the Espionage Act do not here apply.

■ The affidavit attached to the warrant is plainly based on hearsay. Warrants issued on information and belief are usually invalid. United States v. Pitotto, supra; United States v. Kelly (D.C.) 277 F. 485. However, competent sworn testimony was presented before the magistrate that appellant had admitted having possession of counterfeit molds, and thereby admitted violation of the counterfeit laws. If this had not been the case, the warrant would be clearly void. Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159. The Fourth Amendment requires that no search warrant issue unless the judicial officer can find probable cause therefor from facts or circumstances presented to him under oath or affirmation.

■ "Oath or affirmation," within the meaning of the Fourth Amendment, includes sworn oral, as well as written, testimony. The warrant exhibits a regular finding by a duly constituted officer that probable cause existed, and facts and circumstances were presented to him under oath as a basis for the finding. If corroborating evidence had existed, the statement of Sparks to Fortner would have been competent in the trial of the offense before a jury. It might have led a man of prudence and caution to believe that the offense had been committed. Steele v. United States No. 1, supra, at page 504 of 267 U.S., 45 S.Ct. 414, 69 L.Ed. 757.

■ We think the evidence presented before the commissioner, taken in its entirety, was sufficient to support a finding of probable cause. Usually an affidavit precedes the issuance of a search warrant; but we have been cited to no case, and we find none, construing a search warrant statute such as title 18, section 287, holding that competent oral testimony does not establish probable cause, with the exception of Poldo v. United States, 55 F.(2d) 866 (C.C.A. 9).[2]

Several other federal decisions indicate that such evidence is a proper basis for a valid search warrant. In United States v. Tureaud (C.C.) 20 F. 621, the court quotes with approval from In the Matter of a Rule of Court, Fed.Cas.No.12,126, 3 Woods, 502, which states that "the magistrate ought to have before him the oath of the real accuser, presented either in the form of an affidavit, or taken down by himself by a personal examination, exhibiting the facts on which the charge is based." Cf. Ripper v. United States, 178 F. 24, 26 (C.C.A.8), where the court says that "The oath in writing should state the facts from which the officer issuing the warrant may determine the existence of probable cause, or there should be a hearing by him with that purpose in view." In United States v. Keleher, 55 App.D.C. 132, 2 F.(2d) 934, 935, the court called attention to the fact that "there is absolutely nothing in the record showing that any one made any written or other sworn statement of facts within his own knowledge which would justify the issuance of the search warrant,"

---

[1] Title 18, section 613, U.S.C. (18 U.S.C.A. § 613).

"A search warrant can not be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

[2] Poldo v. United States held that the search warrant must be self-sufficient and cannot be supported by parol testimony even when this testimony establishes proper cause. The decision relied upon is United States v. Casino, 286 F. 976, 978 (D.C.), which deals with a search warrant issued under the Espionage Act for illegal possession of intoxicating liquor. The Espionage Act requires that the warrant be accompanied by a sworn affidavit based upon personal knowledge.

and later questioned whether the information was submitted to the police judge by affidavit or by a "sworn verbal declaration."

We bear in mind that the search in this case was a search of a dwellinghouse, and that the constitutional provision was expressly designed to protect the people in their houses from unreasonable searches and seizures. Since the only prerequisite under the Fourth Amendment and section 287 is that probable cause be established on oath or affirmation, and since this requirement was complied with, we think that the warrant, though to be construed liberally in favor of the appellant (Grau v. United States, 287 U.S. 124, at page 128, 53 S.Ct. 38, 77 L.Ed. 212), was valid. Hence the officer was engaged in his official duties while attempting to make the search, and the resistance was a violation of the statute.

Appellant was sentenced to thirty months' imprisonment under each of the four counts, to run concurrently. As to the third count, the sentence is excessive, and valid for one year only. Title 18, section 245, U.S.C.; United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631. The case is remanded to the District Court for re-sentence on the third count. On all other counts the judgment is affirmed.

MOORMAN, Circuit Judge, concurs in the result.