THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE POLITANO, Appellant.

Third Department, December 28, 1962.

*Richard A. Insogna* for appellant.

*William J. Crangle, Jr., District Attorney (James N. White* of counsel), for respondent.

BERGAN, P. J. On July 19, 1961 a member of the State Police made application to a Justice of the Supreme Court for the

issuance of a search warrant for the home of the defendant at 140 and 142 East Main Street, Amsterdam. The warrant was issued; the police entered the premises and seized two punch-boards, papers described in the inventory as "83 Policy Slips designating more than five hundred policy plays" and "101 Unused policy slip books" and some other things not having particular significance, e.g., "2 Telephone books". No one was present in defendant's home at the time of its entry.

On the basis of these seizures defendant was convicted after a trial in the Montgomery County Court of possession of policy slips in violation of section 975 of the Penal Law. If the search warrant were sufficiently well-grounded we would have no difficulty in affirming the judgment of conviction although a number of points are raised concerning it on defendant's appeal.

We conclude, however, that there was an insufficient factual showing made in the application for the search warrant to justify its issuance; and since the evidence thus produced was vital to the conviction that the judgment should be reversed.

The New York statute providing for the issuance of search warrants is precise as to the information which shall be before the Judge or Magistrate to authorize the issuance of the warrant. The matter is governed in detail by title II, part VI, of the Code of Criminal Procedure (§§ 791–813). The code expressly provides that "It cannot be issued but upon probable cause, supported by affidavit" (§ 793). The derivation of this statutory requirement is the United States Constitution, Fourth Amendment. (See editorial note, Gilbert Criminal Code and Penal Law [1962 ed.], pp. 7–41.)

The statute prescribes what the affidavit shall contain. It must set forth "the facts" and the "information and circumstances" tending to establish "sufficient grounds" for granting the application and "probable cause for believing that such grounds exist" (§ 795).

These provisions, implementing constitutional protection to the citizen in his home require a factual showing of probable cause before the Judge asked to issue the warrant, i.e., that contraband or other material which would constitute evidence of the commission of a crime is within the premises and will be found upon entry under the force of judicial authority which the warrant carries.

The affidavit upon which the warrant here in question was based is quite devoid of any factual showing upon which an advised judicial determination could be based. The affidavit opens with a description of the applicant as a peace officer. The

following three paragraphs constitute all that is stated by way of facts:

"2. Since April 15, 1961, an investigation has been conducted of     , and/or 'John Doe', the name 'John Doe' being fictitious, his true name being unknown, and/or others, and of the premises known as George Politano Residence, located at 140 & 142 East Main St., Amsterdam, N. Y.

"3. During said investigation, eavesdropping and recording, pursuant to lawful order, was had of telephone calls made to and from the said premises. During said investigation, deponent overheard      and/or 'John Doe', the name 'John Doe' being fictitious, his true name being unknown, and/or others engaged in 'Keeping a place for or transferring money in the game of policy' in violation of Section 974 of the Penal Law of the State of New York.

"By reason of the aforementioned facts, deponent is satisfied that Keeping a place for or transferring money in the game of policy in violation of the Penal Law of the State of New York, is being conducted at the premises known as George Politano Residence 140 & 142 East Main St., Amsterdam, N. Y., and that certain personal property is there being used by      and/or 'John Doe', the name 'John Doe' being fictitious, his true name being unknown, and/or others, as the means of committing a public offense, to wit, 'Keeping a place for or transferring money in the game of policy.' Said property consists of books, records, and other equipment and paraphernalia generally used in playing the game of policy.''

It will be observed that the affidavit shows no fact tending to establish that a game of policy is being conducted at the premises; no overheard conversations suggesting or implying such a game are set forth. It states merely that deponent overheard blank and others engaged in "Keeping a place for or transferring money in the game of policy" which is stated in quoted words in the affidavit and which constitute an exact statement of the caption words of section 974 of the Penal Law. The same quoted words from the same source appear in paragraph 4 of the affidavit.

It is obvious that the quotes in the affidavit were not from the telephonic conversations between the unknown persons, but were taken literally from the word heading of the Penal Law section itself. The next paragraph (par. 4) is no more revealing. By reason of the foregoing "facts" it is stated, "deponent is satisfied" that keeping a place for or transferring money in the game of policy "is being conducted at" the premises described.

When all this is read together it means that the deponent overheard conversations, the nature of which is left entirely to surmise, which satisfied him that there was a violation of law. This entirely subjective process of evaluation by the policeman making the affidavit gave no information of substance to the judicial officer and could not constitute "sufficient grounds" within the statute (Code Crim. Pro., § 795) for granting the application for a warrant to search defendant's home.

In total, the affidavit showed to the Judge that the police officer had overheard something on the telephone which led him to think a crime had been committed. The Judge needs more than this to justify the issuance of a warrant; as, indeed, he would need more than this to issue a warrant of arrest for a crime.

A classic definition and one frequently cited of "probable cause" was laid down in *Stacey* v. *Emery* (97 U. S. 642, 645): "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient." Chief Justice TAFT in *Carroll* v. *United States* (267 U. S. 132, 161) quoted with approval the Pennsylvania Supreme Court's epitome: "The substance of all the definitions is a reasonable ground for belief in guilt" (*McCarthy* v. *De Armit,* 99 Pa. 63, 69).

In dismissing informations based not on facts but on belief of the officer for the arrest of persons charged with offenses, the court in *United States* v. *Tureaud* (20 F. 621) noted that a warrant should issue only on probable cause upon an affidavit which should state the facts within his knowledge of the basis of the officer's belief. The "'probable cause supported by oath or information'" in the constitutional requirement is met, the court held, only by the oaths of those persons who of their own knowledge "depose to the facts which constitute the offense" (p. 624). The court concluded as to the affidavit there before it that "The constitutional provision must be utterly disregarded, or else it must be held that there is here no probable cause supported by the necessary proof" (p. 624).

On the basis of *Carroll* v. *United States* and other decisions the court in *Matter of Rosenwasser Bros.* (254 F. 171) held a search warrant issued under a Federal statute identical in language with section 793 of the code must be supported by facts presented to the Magistrate: "The conclusion from the averments of facts must be that of the magistrate, and not the opinion of the affiant" (p. 173).

A leading decision on this point in the Federal jurisdiction is *Nathanson* v. *United States* (290 U. S. 41) where a conviction based on the possession of intoxicating liquors seized under a

search warrant was reversed because the proof in support of the issuance of the warrant was factually insufficient. "Here, we are dealing with a warrant to search a private dwelling said to have been authorized by the Tariff Act", wrote Mr. Justice McREYNOLDS. "It went upon a mere affirmation of suspicion and belief without any statement of adequate supporting facts" (p. 46).

These Federal views are in general harmony with the majority view in State courts that search warrants must be predicated on sufficient facts stated in the information or affidavit upon which the Magistrate may make a judgment that there is probable cause a crime has been committed. A careful discussion of this subject in Maryland appears in *Wood* v. *State* (185 Md. 280) and in *Lucich* v. *State* (194 Md. 511).

A summarization of the rule based on the analysis of many cases is that "it is more generally held that the sworn application for a search warrant, in whatever mode required, must, in order to show the required probable cause, show facts on which such probable cause can be predicated or facts which tend to establish the grounds for the application in order that therefrom the issuing officer may make a judicial determination of the sufficiency of the grounds" (79 C. J. S., Searches and Seizures, § 74, pp. 867, 868).

In *Booth* v. *State* (67 Okla. Crim. 413) for example, it was held that the facts stated in the affidavit should have the force and effect of evidence, as distinguished from mere conclusions of the affiant. This view touches very closely on the case now before us. As to the certainty and definiteness of the affidavit, it has been noted under the majority rule that it "must be so definite that if it be fictitious the accuser will be liable for the consequences, that is, it must bear the countenance of truth so strongly that a criminal prosecution for perjury or an action for damages will lie thereon if it be false in any material allegation" (79 C. J. S., Searches and Seizures, § 74, p. 870).

A procedural problem besets the case. After the search of his home defendant moved before the Judge who had issued the warrant to vacate it and to direct the return of the property seized on the ground that the evidence in support of the warrant was insufficient. The Judge did not reach the merits of this application, but denied it because he was of opinion that there was no authority in the Code of Criminal Procedure to vacate a search warrant; and concluded that "it would thus appear that the defendant can raise the same questions on the trial of the action as raised in his application".

The case relied upon was *Matter of Police Benevolent Assn.* v. *Gagliardi* (9 A D 2d 929). There the court affirmed an order denying an application to vacate a search warrant with this statement: "We do not find in the Code of Criminal Procedure any provision for a proceeding to vacate a search warrant or for an appeal in such a proceeding from an order denying the application to vacate."

Two cases are cited as authority, *People ex rel. Simpson Co.* v. *Kempner* (208 N. Y. 16), which does not seem in point on this issue; and *People* v. *Ruth* (250 App. Div. 819), which deals only with the appealability of an order denying an application to vacate a search warrant. We would readily agree that denial of such an application is not appealable on the authority of the case cited in the *Ruth* decision, *People* v. *Dziegiel* (233 App. Div. 794) and the cases there relied on, e.g., *People* v. *Zerillo* (200 N. Y. 443).

But we do not agree that a citizen whose home has been invaded by virtue of a search warrant issued without showing sufficient facts has no remedy addressed to the Judge or Magistrate who issued the warrant. Such a remedy was specifically afforded by the Court of General Sessions in *People* v. *Roth* (207 Misc. 875).

Where constitutional rights are involved the failure of the statute to provide an effective procedure to reach the question is not a bar; and the court is deemed possessed of sufficient inherent power. For example, although section 313 of the Code of Criminal Procedure enumerates specific instances in which an indictment may be set aside by the court on motion "but in no other", it is well settled in New York that a motion lies on constitutional grounds to dismiss an indictment not based on sufficient legal evidence, although that is not a ground stated in section 313 (*People* v. *Glen,* 173 N. Y. 395).

Although the Judge in denying the application in this case to vacate the warrant of attachment suggested that the remedy was available on the trial of the indictment, there are obvious disabilities in such a procedure. One is that if the warrant is not well founded it ought to be vacated on application to the Judge who issued it without awaiting a trial on the charge. The other is a reluctance upon the part of a Judge or court of co-ordinate jurisdiction to rule adversely in such a situation.

Here the warrant had been issued by a Supreme Court Justice and the pretrial motion to suppress the evidence on the ground the warrant was not issued upon sufficient facts came before the County Court in which the criminal action was pending. Although the procedure was expressly left open by the Supreme Court Justice, the County Court Judge in denying this aspect

of the motion before him noted: " This court will comply with that decision [denying motion to vacate] and will not entertain a motion seeking to reverse it. It would be as presumptuous to hear such a motion as it would be to make it. The motion is therefore denied."

A procedure to suppress evidence or return property unlawfully obtained by search and seizure is set up by the 1962 addition of title II-B of part VI of the Code of Criminal Procedure (L. 1962, ch. 954). This new statutory provision does not affect the case before us and we do not pass upon the question whether it would admit of an attack on a search and seizure made pursuant to a warrant good on its face, issued by a Judge having jurisdiction. In any case we are of opinion a motion to vacate addressed to the Judge or Magistrate would be an available remedy.

The judgment of conviction should be reversed, on the law and the facts, and the indictment dismissed.

COON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment reversed, on the law and the facts, and indictment dismissed.