**UNITED STATES of America, Plaintiff,**

v.

**Salvatore DENTICE, Defendant.**

**No. 67–CR–165.**

United States District Court
E. D. Wisconsin.

Sept. 23, 1968.

James B. Brennan, U. S. Atty., by Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Joseph P. Balistreri, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

On November 14, 1967, the grand jury indicted the defendant, Salvatore Dentice, charging that he "did forcibly assault, resist, * * * and interfer (sic) with Frederick C. Stieber, a Special Agent of the Intelligence Division, Internal Revenue Service, knowing him to be such a Special Agent while the said Frederick C. Stieber was engaged in the performance of his official duties, * * *." Trial was had to the court on June 26, 1968. After the opening statements, counsel for the defense moved to suppress the search warrant involved in this case. The motion was taken under advisement and the trial proceeded.

At the close of the Government's case, the defense moved for acquittal. This motion was denied with leave to renew it at a later time. The defense then rested without offering any witnesses and again moved for acquittal on the grounds that no offense had been committed, since the officers were acting beyond the scope of their authority at the time the resistance occurred.

At the trial, there was testimony to the effect that the defendant had resisted the officer involved. Agent Stieber testified that defendant grabbed him by the throat in an attempt to secure the return of car keys taken during the search. These actions occurred, without dispute, when the officer was attempting to execute a warrant for the

search of the person of defendant, Salvatore Dentice.

The defense contended, however, that the warrant was issued without probable cause and was, therefore, invalid. Since the warrant was invalid, the defense argued, the officer was not performing an official duty and, therefore, the resistance was not a crime.

At the close of the trial, the court requested briefs on the following questions:

1. Is the validity of the search warrant an issue in this case?

2. If the validity of the warrant is an issue, was there probable cause for the issuance of the warrant?

It is upon these questions that the defendant's motion for acquittal turns.

1. *Is the validity of the search warrant an issue in this case?*

■ The answer to this legal question has been perhaps most succinctly stated in Sparks v. United States, 90 F.2d 61, 63 (6th Cir. 1937):

"The validity of the search warrant is always relevant on the question of obstructing an officer in the performance of his duties. Resistance to a search carried out under an invalid warrant is not illegal. * * * "

This line of reasoning appears to have been earlier adopted in the Seventh Circuit in the case of Dovel v. United States, 299 F. 948, 949 (7th Cir. 1948), when the Court said:

" * * * The gist of the action is resistance to one serving a search warrant. There can be no unlawful resistance, unless there be a *valid* search warrant, and there can be no valid search warrant unless a proper showing is made to the court or commissioner disclosing facts which bring the petitioner within the statute. * * * "

This case does not appear to have been overruled.

The logic of this position appears to this court to be irrefutable. If the statute making it a crime to resist an officer in the performance of his official duties did not require that the officer *in fact* be acting in an official capacity—i.e., pursuant to valid authority—then criminal sanctions could be imposed upon a citizen for asserting his constitutional rights. Such a result would clearly not be consonant with our system of constitutional safeguards and protections.

■ Consequently, this Court concludes that the validity of the warrant which Agent Stieber was attempting to execute is crucial to the question of whether he was "engaged in the performance of his official duties," as charged in the indictment, at the time the resistance occurred.

The Government has not contended that, as of the time of the events in question, it had probable cause to search Dentice independently of the warrant it possessed. Whether the officers might be engaged in their official duties by authority other than the warrant is, therefore, something as to which this Court intimates no opinion.

2. *Was there probable cause for the issuance of the search warrant in this case?*

The search warrant that is here being challenged was issued by a United States Commissioner on the basis of affidavits submitted by three special agents of the Internal Revenue Service. The warrant, regular on its face, authorizes the search for and seizure of certain property on the person of Salvatore Dentice, namely:

" * * * bookmaking records and wagering paraphernalia, consisting of papers bearing written notations of wagers, bet slips, bet tabs, run-down sheets, tally sheets, account sheets and recap sheets used in a bookmaking-wagering operation involving the receipt or acceptance or lay-off or payment of wagers on the outcome of horse races and athletic contests, together with money and checks used in or derived from such bookmaking-wagering operation * * * in viola-

tion of Sections 4401, 4411, 4412, 4901 and 7262 of both Title 26 of the United States Code and the Internal Revenue Code of 1954, as amended,

\* \* \*."

Affidavits in support of the search warrant were executed by Special Agents Jackson, Stieber, and Uitz. As these were lengthy documents, they will be only summarized here. The affidavits established the experience of the affiants in the enforcement of violations of the federal gambling statutes. The agents had both special training and on-the-job experience in investigations of this type of crime.

The affidavits establish, through detailed records of surveillance of the apartments in question and the persons of Antonio Cefalu and Salvatore Dentice as their activities related to the apartments in question, that early in 1967 a pattern suggesting gambling activity had been discovered in an apartment building at 809 North 27th Street, Milwaukee, Wisconsin. In the course of the investigation, it was determined that this activity was being carried on by one Antonio Cefalu and that the only other person seen in this apartment at any time was the defendant, Salvatore Dentice. The affidavits also established that a search warrant was issued as to that apartment on March 17, 1967, and that the agents found various items of betting paraphernalia when they executed the warrant.

After the raid on March 17, the special agents found Antonio Cefalu was again performing similar acts at an apartment building at 903 East Kilbourn Avenue, Milwaukee, Wisconsin, and that he and defendant Dentice were the only persons seen to enter Apartment 52 of that building. In addition, the affidavits established that the telephone numbers for that apartment were not subscribed to by either Dentice or Cefalu and that the occupant of the apartment was not listed as either Dentice or Cefalu.

The sufficiency of these affidavits to establish probable cause for the search warrant must, of course, be measured by the standards articulated by the Supreme Court. In numerous cases the Supreme Court has defined the concept of "probable cause."

As early as 1878, the Supreme Court in Stacey v. Emery, 97 U.S. 642, 645, 24 L.Ed. 1035 (1878), adopted the following definition of probable cause:

> " 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offence with which he is charged.' "

In Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), where no warrants had been issued, it was conceded that probable cause for arrest did not exist until *after* the search had been made. Consequently, the opinion dealt primarily with probable cause for a search without a warrant. The discussion of inferences which may be drawn from known facts is relevant to the problem now before this court.

> "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. \* \* \*" Johnson v. United States, 333 U.S. 10, 13–14, 68 S.Ct. 367, 369 (1948).

In the case before this court, the commissioner could infer from the facts learned during surveillance and the prior search and seizure detailed in the affidavits that the same type of activity was being conducted in Apartment 52 at 903 East Kilbourn Avenue as had been found in Apartment 305 at 809 North 27th Street, Milwaukee. The fact that the affiants also came to that conclusion

does not *per se* invalidate such a conclusion on the part of the commissioner.

After making it clear that a warrant may be issued on the basis both of the facts and the inferences drawn therefrom, the Court in a later decision indicated that the facts alleged must be substantiated in some manner if they are to establish the requisite probable cause. In Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958), the Supreme Court invalidated the complaint upon which an arrest warrant was based and said:

" * * * The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer. * * * "

All of the requirements here set forth have been met by the affidavits in the present case. All affiants speak with personal knowledge. The sources of Jackson's belief—i.e., experience and observations of the parties and premises—are set out. The observations of all officers are detailed and specific.

In 1959 the Supreme Court defined probable cause for arrest and for search incident thereto. The Court said in Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959):

"Evidence required to establish guilt is not necessary. * * * On the other hand, good faith on the part of the arresting officers is not enough. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed. * * * "

In the present case, it has not been contended that the existence of a gambling operation was established beyond a reasonable doubt, nor do the officers merely state a belief that gambling occurred. In the opinion of this Court, the affidavits of the officers would warrant a prudent man in believing that a gambling operation was being conducted in Apartment 52 at 903 East Kilbourn Avenue, Milwaukee, and that Dentice was taking part therein.

In a still later decision—United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)—the Supreme Court reiterated the previously discussed standards by which magistrates are to determine probable cause. The Court then set out the standard to be applied to such a warrant by a reviewing court, stating at page 109, 85 S.Ct. at page 746:

" * * * Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. * * * "

■ Applying a common sense rather than hypertechnical view to the facts and circumstances set out in the affidavits upon which the warrant in this case was based, and having in mind the preference to be accorded to warrants, this Court is of the opinion that probable cause was established and the warrant validly issued.

For the foregoing reasons,

It is ordered that defendant's motion for acquittal on the grounds that the

search warrant was not supported by probable cause and the officers were, therefore, acting beyond the scope of their authority be and hereby is denied.

It is further ordered that defendant's motion for acquittal made at the close of the Government's case on the grounds that the evidence failed to establish defendant's guilt beyond a reasonable doubt be and hereby is denied.